Good morning and welcome to Seattle and to our William K Nakamura courthouse. This is the time set for oral argument in the case of anything either. He he he didn't agree with anything the prosecution did. Well, I think it goes back to the the holding from Lemos that said in the heck analysis, you have to look back to what the factual basis is and then but how is that different than this case? It's different in this case because because it was a no contest plea. It no particular factual basis was ever determined just like the general verdict in Lemos that could have been based on multiple factual basis. What do you do with sorry? What do you do with Sanders? Because Sanders was a no contest plea and there the court said we said there were multiple instances that could be the basis for the conviction. The no contest plea was vague and so it construed as covering all of those things and said the heck bar applies because the the stipulation was to all of the things not just one of the many things. I think that is that to the extent Sanders can be read to indicate that holding holding it was abrogated by Lemos and that was flagged by the dissenting opinion in Lemos to say, you know, this the Lemos majority opinion is inconsistent with Sanders. So Lemos has impliedly overruled that portion of Sanders, especially the part of it that says, you know, you can't be slicing and dicing up the particular facts of the incident. If it there was resisting arrest, there's there's there can't be excessive force. It didn't see in Sanders where the parties made this argument where they are they that opinion uses the word stipulated and it refers to this transcript, but it didn't seem that there was teed up or any engagement any pushback frankly by the defendant in the way this defendant is pushing back on the on the nature of a West plea and what what it means to proffer a factual basis for the plea was that at issue in Sanders. I think it was not and so that's another way to handle Sanders is to say that that was that particular argument was presented. And so Sanders is an authority for that proposition because that argument wasn't squarely presented if Sanders doesn't grapple with it. Do we have any existing case law that does to be miss anything or is this the first time I believe this is the first time that the court has determined exactly what is the proper analysis in a no low or no contest plea and what needs to be compared between the civil case and the criminal case in order to do proper heck analysis. And so would you I guess what is your argument here? I mean should we follow what the Seventh Circuit did in McCann or what the Eleventh Circuit did in Dixon? I this this court should follow what the Eleventh Circuit has done and what the Tenth Circuit has done and also I think it's just a very small extension of what this circuit has already done in Lemos to say that essentially where there are multiple potential options for what could make a valid conviction any one of which could make the conviction valid and there is some version of that criminal valid conviction under which the the now turned civil plaintiff can succeed on a claim for excessive force without invalidating that conviction. Then the case is not heck barred. So what do you see as the alternatives on that would cause you to win under Lemos? What are the alternative bases for the section 69 conviction the throwing of the elbow multiple times any one elbow attempt at whom was that thrown the elbow that the the charging documents say that the elbow was thrown multiple times at Viegas and that crew or excuse me that King succeeded in hitting Viegas while he was being pushed up against the wall and then on the ground thrashing was with both defendants. When you say charging document I'm sorry you mean his complaint? No I'm sorry I mean the so the prosecution's allegations that were attached to the plea indicate multiple potential bases. To get back to Judge Holland's this point he could have pled Nolo to the elbowing yes your point yes but don't we know there's one point in the plea colloquy where the prosecutor specifically says that the 69 charge is going to be based on both officers says I'm going to put both officers on the count doesn't that suggest that it's the thrashing on the ground which was the only thing factually that involved both officers and not the to Viegas? Ultimately he only pleaded guilty I'm excuse me pleaded no contest to a single count. Right but it's described by the prosecutor I'm on ER 168 that would be PC 69 for 1 3rd the midterm striking the strike for eight months putting both officers name on the count so that both of them were the subject of the obstruction that tells us it's the thrashing on the ground and not the solo violence to Viegas doesn't it and therefore you don't you lose underly most it's only one set of facts that fits both officers. I don't think so because I don't think that Mr. King had to accept that it was both officers I think he just had to say somewhere in this incident there's enough to to convict me validly for resisting arrest I don't think that I understood from the plea that was a pro-defense thing to put both officers on to prevent there from being a separate charge. Yes that's true that he only had to accept a single count instead of multiple and that affected his strikes and things like that. The consequence of that is we know which conduct underlies both officers. I think the correct analysis is not that he was saying oh then it I'm implying that it must have been the thrashing and not the elbowing it's that he was just saying I understand that the prosecution has enough of a factual basis that I can knowingly and voluntarily plea to this charge without accepting anything in particular about it and that's essentially what a no-contest plea is that they can say whatever they want but he's just saying all I'm saying is that the essential elements of one bucket of conduct that could support the penal code 69 charge with respect to Cruz other than the thrashing. No I think only the thrashing applied to Cruz but when then this court needs to determine if there's any path in which they could say okay so uh King if if for example for the sake of argument this court says it must have been the thrashing then King could have a separate claim to say well when I was slammed up against the wall for no that was excessive force and it was not the lawful force was in reaction to me thrashing on the ground and there is a path because there are multiple acts of purported resistance plus multiple acts of force throughout the entire incident that um it can't be heck barred because the the resistance at point b might is not inconsistent with uh excessive force at point a or vice versa. Could I get you to just um engage in this other uh hypothetical because I'm trying to figure out whether you're making another argument or not um Chief Judge Maguire just asked you about the Dixon case and she's compared the 7th versus the 11th and you you embrace the um the Dixon case the 11th circuit case so in my hypothetical um let's say all of the no contest plea was premised on the second charge for the reasons Judge Collins just mentioned right the thrashing on the floor um is it it seems to me but I want to actually be interested in hearing what both sides have to say about this it seems to me that under the Dixon rule that you're advocating if he's thrashing on the floor and he throws an elbow and connects and he pleads no contest to that that under the Dixon rule there's still a path um if their response is truly disproportionate and was a portent eighth amendment claim what I can't tell is whether that's what you are arguing when you say that you're embracing the Dixon claim that that is the argument that we were making that even if he had that exact any any one of the versions of resisting arrest that were alleged in the prosecution's documents there is still a path to say well the excessive force continued longer than it should have or was disproportionate so so that's you know um that's what I referred to when I was talking earlier about the Dixon case where where the hypothetical where a person stopped uh she officers approached the car she hits the gas she wasn't pleading to that that's assaultive conduct but they respond by shooting her it's truly an extreme uh case and so my question earlier and now I'd like to ask you to revisit because I think we're communicating more clearly is whether or not that would require an expansion of our case law allowing allowing the eighth amendment right um uh if it if the responsive assault is truly disproportionate would heck bar that or would have to would that require an expansion of our case law no I don't think heck would bar bar that and I don't think it would require an expansion of the case law either I think that is consistent for example with the Hooper case where uh the the person says yes I resisted um when I was being arrested for shoplifting but then a canine tore her scalp off and that was clearly disproportionate to the resistance and I think that's right and that that's the case that I um I think it is most closely analogous but we would have to stitch those together I don't think we've stitched them together have we I don't think it has been particularly clear and that that would be very helpful for this on bond court to to clarify exactly why an excessive force claim for either excessive force that occurs after resistance has ended such as in limos or that was clearly disproportionate to the for responding to the force either one of those is not heck barred because a successful civil judgment on the excessive force claim would not necessarily invalidate the the conviction and so therefore it is not heck barred Mr. King's complaint seeks expungement of his disciplinary conviction should we just disregard that as you know liberal construction of a pro se pleading or how should we deal with that I think you could disregard that under the liberal pro se rules but also that refers to his disciplinary conviction within the prison not his criminal conviction based on his later no contest plea it's the same facts for both his prison disciplinary action and his criminal conviction yes correct incident yes yes uh so I think that can be disregarded and and why should a court's analysis of records from a no low plea for the heck bar be treated like the admission of evidence under the federal rules of evidence well I think that it is because the purposes under rule 410 are essentially just to say that a no contest plea or a no low plea in the federal context is just simply not probative evidence of anything underlying the plea so if you treat any of that as true any of that information it has the same problems with reliability and lack of probate probative value that is the same reason that rule prohibits it being used in a more traditional evidentiary situation such as before a jury and so then under your view then would all the rules of evidence apply potentially I feel like you could argue 403 you could say it's hearsay 801 c2 we could have an evidentiary hearing every time we're going to have a heck analysis well I think yes that would be important because in in assessing the the heck bar the court should not be treating as true something that has not been either adjudicated or true it doesn't have evidentiary value so we're clear then your position is it's not just 410 that would apply any rule of evidence would apply to this analysis potentially I haven't thought through sort of every permutation if some are specific once you say 410 I don't know any rule that says only one evidentiary rule applies and all the rest don't it seems to me they all would apply I think they probably would many of them probably aren't relevant so then you could object on hearsay then say that that say that the factual basis that the police wanted to enter or the prosecution wanted to enter that's a government report it's that's 801 c2 that's a statement offering the truth in written form it doesn't qualify as an hearsay exception so for that additional reason we couldn't consider that information potentially but I guess I'm having difficulty like conceiving of a situation in which that would be important for the heck analysis in the first place of why the court would be the state wants that prison report in they need that prison report and you're going to say well it's not admissible 801 c2 yes and I think that for many reasons the court in doing the heck analysis should not consider that prison report do you know of any case law ever that has said the rules of evidence that would apply to a trial or a hearing that evidentiary hearing would apply in a heck analysis I do not I don't I don't believe that that question has been raised earlier than when the three judge panel considered it in this case and I did you want to reserve I'm sorry go ahead you have a preferred ground for reversal between 410 and limos and martel and if so why the limos and martel analysis is our preferred ground uh I think it's the cleanest it's the most conservative in terms of not staking out new law it just says the analysis from limos applied in a no low context is the same because there's no stipulated factual basis uh so that's our preferred disposition now when you say preferred does that mean you're abandoning or you just uh you you think you'd like to win on that one you'd be happy to win on either as an advocate for my client I'd be happy to get a reversal no matter what but we think that the correct the best analysis would be the limos and martel analysis let me ask again are you abandoning any argument under rule 10 or are you saying that is an possible ground on which the court might rule in your favor well I'm we're not abandoning it in part because we never advocated for the position that was accepted in the majority opinions and analysis if this court decides that that's the correct rule of law um I you know the the reversal is is what my my client needs but I I don't think we're abandoning it in part because we never advocated for it but I'd like to reserve the remainder of my time thank you yes so may it please the court kyle haw for the defendants in heckley humphrey the supreme court held that a civil claim for damages must be dismissed if success on the claim would necessarily imply the invalidity of the person's prior sentence the doctrine channels challenges to prior convictions through habeas preventing parallel litigation collateral attacks on conviction anything either he he he didn't agree with anything the prosecution did well I think it goes back to the the holding from limos that said in the heck analysis you have to look back to what the factual basis is and but how is that different than this case it's different in this case because because it was a no contest plea no particular factual basis was ever determined just like the general verdict in limos that could have been based on multiple factual bases what do you do with i'm sorry what do you do with sanders because sanders was a no contest plea and there the court said we said uh there were multiple instances that could be the conviction the no contest plea was vague and so it construed it as covering all of those things and said the heck bar applies because the the stipulation was to all of the things not just one of the many things i think that uh is that to the extent sanders can be read to indicate that holding it was abrogated by limos and that was flagged by the dissenting opinion in limos to say you know this the limos majority opinion is inconsistent with sanders so limos has impliedly overruled that portion of sanders especially the part of it that says you know you can't be slicing and dicing up the the particular um facts of the incident if there was resisting arrest there's there's there can't be excessive force it didn't see in sanders where the parties made this argument where they it's are they the that opinion uses the word stipulated and refers to this transcript but it didn't seem that there was teed up or any engagement uh any pushback frankly by the defendant in the way this defendant is pushing back on the on the nature of a west plea and what us what it means to proffer a factual basis for the plea was that at issue in sanders i i think it was not and so that's another way to handle sanders um is to say that that was that particular argument was presented and so sanders is an authority for that proposition because that argument wasn't squarely presented if sanders doesn't grapple with it do we have any existing case law that does do we miss anything or is this the first time i believe this is the first time that the court has determined exactly what is the proper analysis in a no low or no contest plea and what um needs to be compared between the civil case and the criminal case in order to do proper heck analysis and so would you um i guess what is your argument here i mean should follow what the 7th circuit did in mccann or what the 11th circuit did in dixon i this this court should follow what the 11th circuit has done and what the 10th circuit has done um and also i think it's just a very small extension of what this circuit has already done in limos to say that essentially where there are multiple potential options for what could a valid conviction any one of which could make the conviction valid and there is some version of that criminal valid conviction under which the the now turned civil plaintiff can succeed on a claim for excessive force without invalidating that conviction then the case is not heck barred so what do you see as the alternatives that would cause you to win under limos what are the bases for the section 69 conviction the throwing of the elbow multiple times any one elbow attempt at whom was that thrown the elbow uh the the the charging documents say that the elbow was thrown multiple times at viegas and that um crew or excuse me that king succeeded in hitting viegas while he was being pushed up against the wall and then on the ground thrashing was with both defendants when you say charging document i'm sorry you mean his complaint no i'm sorry i mean the so the prosecution's allegations that were attached to the plea indicate multiple potential bases for which to get back to judge holland's his point he could have pled nolo to the elbowing yes your point yes but don't we know there's one point in the plea colloquy where the prosecutor specifically says that the 69 charge is going to be based on both officers says i'm going to put both officers on the count um doesn't that suggest that it's the thrashing on the ground which was the only thing factually that involved both officers and not the throes to viegas ultimately he only pleaded guilty excuse me pleaded no contest to a single count right but it's described by the prosecutor i'm on er 168 that would be pc 69 for one-third the midterm striking the strike for eight months putting both officers name on the count so that both of them were the subject of the obstruction that tells us it's the thrashing on the ground and not the solo violence to viegas doesn't it and therefore you don't you lose under limos it's only one set of facts that fits both officers i don't think so because i don't think that mr king had to accept that it was both officers i think he just had to say somewhere in this incident there's enough to to convict me validly for resisting arrest i don't think i understood from the plea that was a pro-defense thing to put both officers on to prevent there from being a separate charge yes that's true that he only had to accept a single count instead of multiple and that affected his strikes and and things like the consequence of that is we know which conduct underlies both officers i think the correct analysis is not that he was saying oh then i'm implying that it must have been the thrashing and not the elbowing it's that he was just saying i understand that the prosecution has enough of a factual basis that i can knowingly and voluntarily plea to this charge without accepting anything in particular about it and that's essentially what a no contest plea is that they can say whatever they want but he's just saying all i'm saying is that the essential elements of one bucket of conduct that could support the penal code 69 charge with respect to cruise other than the thrashing no i think only the thrashing applied to cruise but when then this court needs to determine if there's any path in which they could say okay so uh king if if for example for the sake of argument this court says it must have been the thrashing then king could have a separate claim to say well when i was slammed up against the wall for no reason that was excessive force and it was not the lawful force was in reaction to me thrashing on the ground and there is a path because there are multiple acts of purported resistance plus multiple acts of force throughout the entire incident that um it can't be heck barred because uh the the resistance at point b might be is not inconsistent with uh excessive force at point a or vice versa could i get you to just um engage in this other uh hypothetical because i'm trying to figure out whether you're making another argument or not um chief judge mcgill just asked you about the dixon case and she's compared the seventh versus the eleventh and you you embrace the um the dixon case the 11th circuit case so in my hypothetical um let's say all of the no contest plea was premised on the second charge for the reasons judge collins just mentioned right the thrashing on the floor is it it seems to me but i want to actually be interested in hearing what both sides have to say about this it seems to me that under the dixon rule that you're advocating if he's thrashing on floor and he throws an elbow and connects and he pleads no contest to that that under the dixon rule there's still a path um if their response is truly disproportionate and with support an eighth amendment claim what i can't tell is whether that's what you are arguing when you say that you're embracing the dixon claim that that is the argument that we are making that even if he had that exact any any one of the versions of resisting arrest that were alleged in the prosecution's documents there is still a path to say well the excessive force continued longer than it should have or was disproportionate so so that's you know um that's what i referred to when i was talking earlier about the dixon case where where the hypothetical where person stopped she officers approached the car she hits the gas she wasn't pleading to that that's assaultive conduct but they respond by shooting her so i'm truly an extreme uh case and so my question earlier and now i'd like to ask you to revisit because i think we're communicating more clearly is whether or not that would require an expansion of our case law allowing allowing the eighth amendment right um uh if it if the responsive assault is truly disproportionate would heck bar that or we would have to would that require an expansion of our case law no i i don't think heck would bar bar that and i don't think it would require an expansion of the case law either i think that is consistent for example with the hooper case where uh the the person says yes i resisted um when i was being arrested for shoplifting but then a canine tore her scalp off and that was clearly disproportionate to the resistance and i think that's right and that that's the case that i um i think is most closely analogous but we would have to stitch those together i don't think we've stitched them together have we i don't think it has been particularly clear and that that would very helpful for this on bond court to to clarify exactly why an excessive force claim for either excessive force that occurs after resistance has ended such as in limos or that was clearly disproportionate to the needs for responding to the force either one of those is not heck barred because a successful civil judgment on the excessive force claim would not necessarily invalidate the the conviction and so therefore it is not heck barred mr king's complaint seeks expungement of his disciplinary conviction should we just disregard that as you know liberal construction of a pro se pleading or how should we deal with that i think you could disregard that under the liberal pro se rules but also that refers to his disciplinary conviction within the prison not his criminal conviction based on his later no contest please the same facts for both his prison disciplinary action and his criminal conviction yes crime incident yes yes uh so i think that can be disregarded and and why should a court's analysis of records from a no low plea for the heck bar be treated like the admission of evidence under the federal rules of evidence well i think that it is because the purposes under rule 410 are essentially just to say that a no contest plea or a no low plea in the federal context is just simply not probative evidence of anything underlying a plea so if you treat any of that as true any of that information it has the same problems with reliability and lack of probative value that is the same reason that rule 410 prohibits it being used in a more traditional evidentiary situation such as before a jury and so then under your view then would all the rules of evidence apply potentially i feel like you could argue 403 you could write a tear say 801 c2 we could have an evidentiary hearing every time we're going to have a heck analysis well i i think yes that would be important because in in assessing the the heck bar the court should not be treating as true something that has not been either adjudicated or true it doesn't have evidentiary value so we're clear then your position is it's not just 410 that would apply any rule of evidence would apply to this analysis potentially i haven't thought through sort of every permutation it's summer specific once you say 410 i don't know any rule that says only one evidentiary rule applies and all the rest don't excuse me they all would apply i think they they probably would many of them probably aren't relevant so then you could object on hearsay then say that that say that the factual basis that the police wanted to enter or the prosecution wanted to enter that's a government report it's that's 801 c2 that's a statement offered the truth in written form it doesn't qualify as a hearsay exception so for that additional reason we couldn't consider that information potentially but i guess i'm having difficulty like conceiving of a situation in which that would be important for the heck analysis in the first place of why the court i think that the state wants the state wants that prison report in they need that prison report and you're going to say well it's it's not admissible 801 c2 yes and i think that for many reasons the court in doing the heck analysis should not uh consider that prison report do you know of any case law ever that has said the rules of evidence that would apply with trial or a hearing an evidentiary hearing would apply in a heck analysis i do not i don't i don't believe that that question has been raised earlier than when the three judge panel considered it in this case and i did you want to reserve i'm sorry go ahead do you have a preferred ground for reversal between 410 and limos and martel and if so why the limos and martel analysis is our preferred ground uh i think it's the cleanest it's the most conservative in terms of not staking out new law it just says the analysis from limos applied in a no low context is the same because there's no stipulated factual basis uh so that's our preferred disposition now when you say preferred does that mean you're abandoning or you just uh you you think you'd like to win on that one you'd happy to win on either as an advocate for my client i'd be happy to get a reversal no matter what but we think that the correct the best analysis would be the limos and martel analysis let me ask again are you abandoning any argument under rule 10 or are you saying that is an additional possible ground on which the court might rule in your favor well i'm we're not abandoning it in part because we never advocated for the position that was accepted in the majority opinions analysis if this court decides that that's the correct rule of law um i you know the the reversal is is what my client needs but i i don't think we're abandoning it in part because we never advocated for it i'd like to reserve the remainder of my time thank you yes so may it please the court kyle haw for the defendants in heckley humphrey the supreme court held that a civil claim for damages must be dismissed if success on the claim would necessarily imply the invalidity of the person's prior sentence the doctrine channels challenges to prior convictions through habeas preventing parallel litigation collateral attacks on conviction excessive force applied after the fact but what about the hooper case that's the the case that opposing counsel points us to so when hooper um she she actually alleged that she had stopped resisting after the opinion notes that she was initially resisting and stopped resisting and then the dog bite happened um after the resistance had ended and so you can have two separate cont two separate factual contexts is the way that uh young to the california supreme court case refers to it why isn't that true point i shouldn't say if you could circle back to judge force but maybe she's getting ready to take you there gordon yeah i mean this this is the the allegation from the civil lawsuit while plaintiff was laying on the ground in compliance and not putting up any form of struggle or resistance cruz struck the plaintiff with a closed fist on the right eye so it could be that he resisted all the way up in time until he gets handcuffed and he's on the ground and he's now in compliance because that's consistent with the officer's statements they're connected to the pc declaration that at some point he was handcuffed and on the ground and no longer resisting and it could be true that excessive force was used at that point so i think if he had pled differently that might be the case but because i just read you what he pled right but he there are other allegations that say he never provoked and and that at all times mentioned he was in handcuffs restraints and never provoked the officers and that he was not resisting when he was on the ground so there needs to be some point during this interaction because he stipulated to there being a factual basis in these records from this august 17th interaction that there was a factual basis for his plea at some point in that interaction there needs to be an opportunity for there to have been uh resistance well but that's why judge Collins is pointing to you to the the the mysterious missing indictment so we're looking to see it seems reading between the lines but i i do think we're left reading between the lines that that charge uh the amended charge is that he was thrashing or maybe through an elbow when he's on the ground and then the complaint i think very clearly alleges that he's prone on the ground Cruz ran in later right by the time Cruz gets there he's on the ground he's down and he alleges that Cruz took what he took as you know um extreme response so why isn't that the path i think the problem is that where does the valid conviction lie because he's alleged that earlier he what he didn't provoke um the uh he didn't provoke officer viegas so there has to be a point in this interaction when you could where you could fit in a valid conviction without there being uh some excessive use of force uh in order for the conviction to remain valid why is that true that's why i think we're just missing each other so again in hooper uh there was a longer interaction she agrees that she was resisting at first that's the main distinction she agrees she was resisting at first and then stopped resisting when the dog bite happened um i understand that but you're just not grappling with judge miller's point which is that we have a pro se complaint and he could amend the complaint couldn't he we don't think some of his allegations i guess that's what you're saying it's just futile he just is locked in he can't do that we think based on you're resisting i think are hypothetical for that reason is that it yes i mean we don't think that he could amend i do think that if you thought that amendment was possible um you could there could be a hypothetical world in which he alleged a different type of case um but we think based on the litigation why can't he amend we think he can't amend because there was a deposition in this civil case i'll note it's not in the record and it wasn't submitted as an exhibit to a district court filing or anything like that um but he did testify in his deposition to what he alleged in the complaint which is that he never swung at never punched either officer and that he wasn't aggressive um essentially he was saying i did nothing wrong during this interaction but the heck analysis looks to whether a successful judgment would invalidate the conviction not whether individual allegations would in this case a successful judgment would necessarily imply that the conviction is not valid so we think that you have to read the use term judgment there in the context of the decision as a whole because this court has repeatedly emphasized as of the supreme court that judicial opinion shouldn't be read like statutes and if you consider that word in the context of the decision in heck as a whole it's clear that the supreme court was trying to prevent parallel litigation collateral attacks on convictions and potentially conflicting judgments and those issues arise when you have inconsistent allegations um because they ask a jury or a judge as a fact finder to reweigh whether um the plaintiff ever uh actually here for instance actually resisted an officer during this interaction let me ask you seem to imply this in your supplemental briefing but i just want to make sure that it's uh you know confirmed so it seems in your briefing that you agree that rule 410's text bars a plea or plea statements from being considered in the heck analysis but not the conviction itself is that right that's what we if rule 410 applies yes then we think that we agree with that so then if the plea statements uh incorporate the police reports that may be incorporated into a charging document or you know just otherwise incorporate the police reports as the factual basis for the for the for the nolo plea then why shouldn't those also be barred from consideration the heck analysis so the rule 410 doesn't bar the admission of non-plea records from the criminal case so that's the sort of starting point that as a matter of the text they're not barred um if the court thought it had to look to the sorry to interrupt you but what i'm my hypothetical is the plea statement itself which just conceded would be barred by rule 410 incorporates the charging document so then why doesn't that bar also apply to what's been incorporated into that plea statement which is the charging documents so is your hypothetical you know this case where he stipulated to there being a factual basis in the probable cause charging document incorporated these police reports so the question is if you agree that the plea statement itself cannot be considered in the heck bar analysis then why can't the information the documents that are incorporated into that plea statement also be barred because they're separate they're separate documents and in fact the court could look to the plea colloquy just for the purposes of understanding um whether the probable cause declaration and crime incident report are relevant to the question of what the factual basis is that's not in the conviction that distinction that you're drawing is not in the plaintext of the rule right but the plaintext of the rule doesn't bar um anything other than as relevant here the the nolo plea and the plea um so these these other records um can can come in under the rule i will say if you're if you're worried just the facts and those statements are orally agreed to and are part of the plea colloquy right well you couldn't let's say it's not even a separate document but the entire text of that has been orally incorporated into that plea colloquy then you would agree that should be barred right no i i would say you couldn't look to the plea colloquy for for that but you could look to underlying records and if the defendant ended up reading those into the record again you can't you can't look to that the uh the plea colloquy itself but you you could look to the documents underlying it but i do want to emphasize that the court doesn't even need to look to those the probable cause declaration of the crime incident report the court can look to the criminal complaint and the criminal case information which make clear that on august 17th 2016 um he uh committed uh the charges that he committed a battery against officer viegas and there was the the charge later added for resisting an officer king of course alleges in his civil complaint uh an interaction on august 6 august 17th 2016 um and he's never disputed that these are the same interaction and so because he says that he didn't resist he didn't provoke the officers during this interaction um just the fact of the conviction based on those charging documents the complaint and the criminal case information which aren't tied up in the plea colloquy the court can determine that this is this is heck barred because it would imply the invalidity of his conviction for resisting an officer is it possible that there's not another charging document because was this uh 69 considered a lesser included offense of what he's charged with in this complaint on er 120 not that i'm aware of my understanding had been that this was just added later um but i again i haven't seen the actual an amended criminal complaint a moment ago in fact several moments ago you said if 410 applies are you arguing that it does not yes our first line argument is that rule 410 doesn't apply at all because um when a court considers these documents for the purposes of heck it's not admitting into evidence those documents and that's this case uh court's case in arlington it is unpublished but that that case held that um you're not admitting documents within the meaning of rule 410 when you're considering them as a court for heck purposes so you're saying rule 410 says it's not admissible as evidence but a court can consider it as if it were evidence i mean that's what's going on i mean it's considering it for the truth of whatever may be contained therein that strikes me as considering it as if it were evidence well it's not being i think the the focus is on the word admitting it's not being admitted into evidence the way something would be at a trial um and i and i don't think that it's being considered for the truth in that manner because this is a nolo case we're not saying that he admitted to every single fact alleged in the probable cause declaration and the crime incident report just that he agreed that there was um he conceded at least the basic elements of the crime including resisting an officer counsel i had a question for you in the the in bank i'm sorry the supplemental brief the one you most recently filed we asked about the olivier supreme court decision and in your brief you said olivier has no impact on our case i was kind of surprised that you said that because that's a nolo plea case where the supreme court did analyze it under heck seems to me that that it's very relevant to the 410 question because the 410 state analog was raised in an amicus brief in that case and the supreme court didn't take the bait the supreme court just directly went from nolo to the heck analysis so it's still your position that olivier has no relevance or just i just want to make sure i understand your position because we have to write an opinion and there's this supreme court case from like two months ago yes no um i actually wasn't aware of that your honor and i do think that that makes a difference i think our main point was that um uh olivier dealt with prospective um claim claims for prospective injunctive relief and our point was just that by by uh saying that the heck bar didn't apply to those claims it wasn't changing anything about that i agree but on page 920 it says olivier pleaded no contest in municipal court so i mean i think that was the reason why i thought the case was significant um you know maybe others disagreed but so i just want to say assuming that olivier is a no contest plea assume that for a moment what should we take from that case i think what we should take from that case is that the court didn't say just because this is a no contest plea um you know rule 410 would bar anything about it and we can't apply a heck analysis the reason why the case was um resolved the way it was was because it was a prospective a claim for perspective the other problem with olivier is that he didn't concede any of it excuse me he didn't dispute anybody he said yes i preached out there where i'm not supposed to preach and he was concerned about vindicating his constitutional rights going forward there was no question what he'd done there right i think the opinion makes that really clear i think it does as well but i think the fact that it was no contest plea um is relevant in that the court didn't take that opportunity to say that the heck analysis is different because of the fact that it's a no contest we have an opportunity to do that i don't think counsel please feel free to push back but i think the reason the court didn't have the opportunity to do that is because there was there was no disputed facts about what happened right retrospectively that formed the basis of his plea he preached out where he wasn't supposed to preach and he was trying to actually vindicate that point that he should be allowed to stand there and do what he was doing but that's why you have 11 judges giving you a rough morning here because we don't have uncontested facts and we're trying to figure out what facts we will you know proceed from and is is is there really no path forward for this person for me that's the big limitation on olivier yeah i mean i will say i think there's no path forward for him but given the allegations he's made i do think that ordinarily heck is raised at the motion to dismiss stage quite frequently when leave to amend is liberally granted and so i do think that in many circumstances plaintiffs may be able to um amend their complaint to remove inconsistent factual allegations and potentially plead around the heck bar so so we we think that's possible we think it's really a case specific issue here i do too i think these cases are often very fact specific and so we're a little hamstrung and maybe doubly hamstrung for one reason i didn't recognize until we came into the courtroom and one i guess i did but we don't have the amended charging document if he pled no contest to there's no questions about that and then of course we don't have the deposition transcript either and that's i think you've been very candid about saying we don't and that we're not we're not in a position to say that amendment will be futile and another court would need to make that determination but hence the hence the hot seat you're on you know this is a tough spot for us to really say this is a consistent without precedent we understand that and we do think that if if the court thought that this complaint could be fixed if there were some people who thought that it could be fixed it could be sent back to the district court for it to determine whether leave to amend should be granted uh so would you um advocate for dixon or or or mccann for us to look at either of those two cases so we think it um the inconsistent factual allegations rule it's not just mccann in the seventh circuit uh the tenth circuit's adopted at the fifth circuit the california supreme court so we think the 11th circuit's the outlier and we think that it makes sense to go with this inconsistent factual allegations rule in part because of administrability concerns so in the ordinary course of civil litigation if there are improper allegations that can't proceed the plaintiff is the complaints dismissed with leave to amend and the burden is on the plaintiff to fix the complaint and we think that that's the proper course here rather than the burden being on the court to sort of redline the complaint and issue sort of in limine orders precluding um you know evidence coming in based on inconsistent factual allegations council did yes what about the tenth circuit so the tenth circuit um in the case torres cited by my friend on the other side um actually distinguished havens which was the case that we cited for the tenth circuit being on our side of this and the the big distinction between havens and torres is that havens is a case like this one where the plaintiff said that uh he basically did nothing wrong during the whole interaction whereas in torres there was a concession that uh there was some resistance or or violence early on um i think it was in torres she was driving towards uh the officers and she she conceded that she hit the gas that was the allegedly assaultive conduct right well she this was the one where she she drove towards the officers they shot at her and then she was driving away from them and when her back was to them they continued shooting at her and so she said she conceded that liability couldn't be based on the first half of that interaction um because she was posing a threat of danger to them but said that liability could be based on the the latter half of that exactly that's why it seems to me to be comparable to dixon so that there's some concession some plea uh or conviction let's just say conviction forget how you get there to the defendant have or the who's now the 1983 plaintiff having used some degree of force that warranted the uh the element satisfied the element for purposes of the charge and then she's got a 1983 claim that the 10th and 11th i think but in this case the 10th allowed to go forward because the response was very disproportionate it has to be extreme well but how is that not what we're talking about here i don't think it was a disproportionate issue it was i think the difference here is that uh there was a concession in torres that uh she was not she couldn't impose liability based on the earlier part of that interaction because she was she had a valid conviction and she was posing a threat to the officer's lives at the time she was driving towards them so the use of force at that point was valid it's after she's driving away when she's no longer posing a threat of force that um it was uh yeah well that there was excessive force that she could uh seek but that's not what we have here because again the the difference here is that he's alleged that he was not provoked and not resisting during the whole thing there's no concession and again we we think based on this deposition testimony it would be hard for him to um change his story now yeah what i was trying to that's in that way it lines up with your earlier argument which i appreciate and i think we've all listened very attentively but i'm trying to figure out why you think the 10th's um precedent differs from the precedent in the 11th circuit um i see my time has expired might i answer your question not the boss yes um so yeah i think that the 10th the 11th the 10th circuit case we relied on havens we think is the closest analog to this case we're not relying on torres is the answer to my question sure your honor yes okay thank you thank you thank you your honors um we ask that the court affirm the judgment of the district court give you two minutes so we've been over on the other side great thank you i'd like to begin by uh providing a quick citation for in response to judge collins's question so the amended charging document it's a criminal case information statement is that er 2 er 101 it has a bare listing of the battery charge and the section 69 charge with no narrative no names of any particular victims whatsoever and then at 2 er 105 the state trial court noted the disposition of the plea and also included the amount of the fine but just docket notations it isn't the document it's it's what it's the most that is in i believe the federal court record about when the section 69 charge got added to be against i mean we have docket entries that show it's there but we don't actually have the document that has the actual charging language correct there's no charging language other than those two pages that have the two separate charges and then the disposition that's i believe all that we have real quick if this case were to be remanded is your firm going to stick with it are you going to say good luck we would we only do appeal so we would have to try to coordinate trial counsel to represent mr king we couldn't represent him on in a trial court i had a quick question i understand you prefer the limos uh ground of reversal uh but is there any unintended consequence or downside that you see with the 410 ground i think to the extent that the majority opinion can be read to say that when there is a no low or no contest but you don't even do a heck analysis that could could potentially have some unintended consequences and i'm thinking of a scenario like the facts of heck for example where a criminal defendant who pleads no low or no contest then has a claim that says oh there was prosecutorial misconduct that meant that that plea was unconstitutional and needs to be reversed that's a situation where that is the exclusive realm of a civil or excuse me a criminal appeal or a habeas petition so the heck analysis would have to apply to that and and heck would have to bar it so to the extent the current majority opinion would not even begin that heck analysis because of rule 410 we think that would be in tension with heck and create some potential unintended consequences i'd like to address your friend on the other side over here um the about the sort of um timing of things here where um mr king's civil complaint was filed i think a year before the criminal charges were brought um and there hasn't been any amendment of that civil complaint uh what are your thoughts about um amendment to address any of the sort of inconsistencies that might be present between his allegations and and the facts that the officers put in their incident reports with respect to the charges brought i think it would be entirely appropriate for there to be a remand that says now that you have been essentially convicted of at least some acts of resistance to the extent your complaint says you never resisted you need to try to narrow that an amendment would be an appropriate way to do that and i think it's important to remember as judge ko mentioned that heck doesn't look to just what all of the allegations are in the complaint it looks to what is necessary to actually prove a judgment and that's from the language of justice clea in in heck versus humphrey it says you look the damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction is what is barred not it's not correct what the second district judge did in this case to say i'm reading all of the allegations in the complaint and i'm reading all of the allegations in the in the charging documents and these two stories don't match up so it's heck barred that's not what heck is it's not a freewheeling point of judicial estoppel to say you can never change your story or narrow your allegations based on a later conviction heck is much is a much narrower doctrine than that and it would be completely appropriate to say you know you can't go so far as to say i never resisted but you can't say okay there was at least one act of resistance but there was still excessive force that's that's completely fair game thank you um miss powell miss hall appreciate your oral argument presentations here today the case of jerry lee king versus r viagas et al is now submitted we are adjourned thank you
judges: MURGUIA, FLETCHER, GOULD, CHRISTEN, OWENS, MILLER, COLLINS, FORREST, VANDYKE, KOH, DESAI